# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION

## DOCKET NO. 3:09-cv-113-FDW

| | |
|---|---|
| CASSANDRA BOTT, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | ORDER |
| ) | |
| U.S. AIRWAYS, INC. and U.S. ) | |
| AIRWAYS GROUP, INC. d/b/a U.S. ) | |
| AIRWAYS, ) | |
| ) | |
| Defendants. ) | |
| ) | |

THIS MATTER comes now before the Court upon Defendants' Motion to Dismiss in Part pursuant to Federal Rule of Civil Procedure 12(b)(1) and Defendants' Motion to Strike pursuant to Federal Rule of Civil Procedure 12(f) (Doc. No 6). Plaintiff has responded to the Motion, Defendants have replied, and the matter is now ripe for review. For the reasons stated below, Defendants' Motion to Dismiss is GRANTED IN PART and DENIED IN PART. Defendants' Motion to Strike is DENIED.

## BACKGROUND

Plaintiff Cassandra Bott began working for Defendant U.S. Airways in 1979 as Lead Stock Clerk. Plaintiff had the reputation of being a good employee and was involved in training Defendants' staff. Tim Everhart was Plaintiff's supervisor for the time period relevant to this suit. Plaintiff claims that Mr. Everhart promised her the position of Warehouse Training Coordinator and temporarily placed her in the position prior to it being filled. She also claims that she was subjected to harassment from male co-workers in the time period leading up to the

job being posted. The position was posted on July 14, 2006, and Plaintiff applied for the promotion. She claims the harassment from her male co-workers increased during this time. Plaintiff interviewed for the position on September 14, 2006. Following the interview, she was required to take a proficiency test, ostensibly because her interview score was tied with that of a co-worker, Gary Wyatt. On October 4, 2006, Mr. Everhart informed Plaintiff that Mr. Wyatt had scored higher on the test and was therefore offered the position. Plaintiff filed a complaint with the human resources department concerning Defendants' failure to promote her on October 13, 2006. She requested Family Medical Leave on October 26, 2006, alleging that she suffered from physical conditions as a result of discrimination and retaliation, and is currently on that leave. Plaintiff filed a charge with the EEOC on November 29, 2006, alleging sex discrimination and failure to promote under Title VII of the Civil Rights Act of 1964. On November 17, 2008, the EEOC issued a notice of right to sue to Plaintiff. Plaintiff filed this action on February 13, 2009, alleging (1) Sex Discrimination, Failure to Promote, and Hostile Work Environment under Title VII; (2) Retaliation; (3) Negligent Supervision; (4) Intentional or Negligent Infliction of Emotional Distress; and (5) Violation of State Public Policy.

**DEFENDANTS' MOTIONS TO DISMISS PURSUANT TO RULE 12(b)(1)**

STANDARD OF REVIEW

Under Federal Rule of Civil Procedure 12(b)(1), "[t]he plaintiff has the burden of proving that subject matter jurisdiction exists." Evans v. B.F. Perkins Co., 166 F.3d 642, 647 (4th Cir. 1999). A court should grant a motion to dismiss "only if the material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law." Id. (quoting Richmond, Fredericksburg & Potomac R. Co. v. United States, 945 F.2d 765, 768 (4th Cir. 1991)).

Defendants' basis for asserting a lack of subject matter jurisdiction is that Plaintiff has failed to exhaust her administrative remedies. "Before a plaintiff has standing to file suit under Title VII, he must exhaust his administrative remedies by filing a charge with the EEOC." Bryant v. Bell Atl. Md., Inc., 288 F.3d 124, 132 (4th Cir. 2002). The scope of the plaintiff's claim is defined by the EEOC charge. Id. (citing Smith v. First Union Nat'l Bank, 202 F.3d 234, 247 (4th Cir. 2000)). The Fourth Circuit has held that "[o]nly those discrimination claims stated in the initial charge, those reasonably related to the original complaint, and those developed by reasonable investigation of the original complaint may be maintained in a subsequent Title VII lawsuit." Evans v. Techs. Applications & Serv. Co., 80 F.3d 954, 963 (4th Cir. 1996). Claims that fall outside of the scope of the EEOC charge are procedurally barred. See Dennis v. County of Fairfax, 55 F.3d 151, 156 (4th Cir. 1995).

ANALYSIS

**I. Plaintiff's Claim of Hostile Work Environment Sexual Harassment**

Defendants argue that Plaintiff has not exhausted her administrative remedies because her EEOC charge does not specifically allege hostile work environment sexual harassment. Defendants further contend that the allegations of harassment Plaintiff sets forth in her Complaint are not reasonably related to the allegations set forth in her EEOC charge because the charge "focused exclusively on her claim that she was denied a promotion in October 2006 because of her sex." (Def.'s Mem., Doc. No. 7, at 6.)

**A. Scope of an EEOC Charge under Title VII**

"A plaintiff fails to exhaust his administrative remedies where . . . his administrative charges reference different time frames, actors, and discriminatory conduct than the central

factual allegations in his formal suit." Chacko v. Patuxent Inst., 429 F.3d 505, 506 (4th Cir. 2005). In Chacko, the plaintiff's case at trial centered around harassment, including national origin epithets directed at him from his co-workers throughout his employment with the defendant. His administrative charges, however, only mentioned specific instances of harassment from supervisors, not co-workers. Chacko, 429 F.3d at 511. In addition, the charge did not allege continuing action. Id. Based on these facts, the Fourth Circuit held that "a reasonable investigation of discrete instances of supervisor misconduct not involving name calling could not be expected to lead to a continuous pattern of nonsupervisory misconduct which did involve name calling." Id. at 512. Because of this deficiency in the plaintiff's EEOC charge, the court held that the plaintiff failed to exhaust his administrative remedies. Similarly, in Logan v. Colonial Williamsburg Hotel Props., Inc., 941 F.Supp. 60 (E.D. Va. 1996), and Nicol v. Imagematrix, Inc., 767 F. Supp. 744 (E.D.Va. 1991), the court held that the plaintiffs' EEOC charges were insufficient to support hostile work environment claims. In both cases, the plaintiffs alleged discrimination without further allegations to support claims of hostile work environment.[1]

**B. Plaintiff's EEOC Charge**

Plaintiff's charge does not suffer from the deficiencies described above. Of key importance is the fact that she included a much more specific statement, namely that she "was subjected to intimidating and discouraging comments and hostile gestures by male co-workers."

---

[1] See Logan, 941 F. Supp. 60, 62 (holding an EEOC charge of sex discrimination did not give sufficient notice of a sexual harassment claim); Nicol, 767 F. Supp. 744, 753 ("[B]road, general allegations of sexual harassment and hostile work environment cannot survive threshold attack in court where . . . the represented claimant filed an EEOC complaint alleging only pregnancy discrimination.").

(Pl.'s Com. Ex. A.)[2]  This allegation could reasonably have prompted an investigation of a hostile work environment claim by the EEOC or Defendants' Human Resources Department. While the plaintiff in <u>Chacko</u> only mentioned events involving supervisors in his charges, Plaintiff's charge in this case mentions intimidating and discouraging comments and gestures made by co-workers.  <u>See</u> <u>Chacko</u>, 429 F.3d at 506.  Furthermore, Plaintiff claimed continuing action in her charge, whereas the plaintiff in <u>Chacko</u> did not.

Because Plaintiff claimed continuing action and stated in her charge: "Throughout this time, I was subjected to intimidating and discouraging comments and hostile gestures by male co-workers," the Court holds that the allegations in her EEOC charge are reasonably related to her claim of hostile environment sexual harassment in her Complaint.

## II. Plaintiff's Claim of Retaliation

Defendants argue that Plaintiff's retaliation claim should be dismissed for failure to exhaust administrative remedies because Plaintiff did not complain of retaliation in her EEOC charge, and her retaliation claim is not reasonably related to the charge.  The Court finds the case of <u>Miles v. Dell</u>, 429 F.3d 480 (4th Cir. 2005), instructive.  There, the Fourth Circuit upheld the district court's decision to grant summary judgment in favor of the defendant employer, holding that the plaintiff failed to exhaust her administrative remedies.  The plaintiff, in her EEOC charge, checked the box for sex discrimination and stated that she had experienced hostile treatment, but she did not check the box for retaliation and did not mention retaliation in the description of the charge.  <u>Id.</u> at 484-85.  Her sole allegation was, "I believe that I was

---

[2]The Court notes that this alleged behavior is not within the range of what "normally occur[s] within the employer-employee relationship."  <u>Taylor v. Virginia Union Univ.</u>, 193 F.3d 219, 239 (4th Cir. 1999).

discriminated against due to my sex (female) and (pregnancy)." Id. at 492. The court held that neither the defendant employer nor the EEOC would have been put on notice of a retaliation claim because of the deficiencies in the plaintiff's EEOC charge. Id.

In the instant case, Plaintiff neither checked the retaliation box nor mentioned actions taken by Defendants in response to any complaint. Despite these absences from the face of her EEOC charge, Plaintiff points to the portion of her charge where she describes the failure of Defendants' Human Resources department to respond to her complaint after she did not receive the promotion. Plaintiff claims that "a reasonable person could determine that the failure of the human resources department, an employee's first line of redress to investigate a claim of discrimination, is retaliation in and of itself that could reasonably be expected to follow from an EEOC investigation." (Pl.'s Mem., Doc. No. 12, at 9.) Plaintiff's argument is an overly broad interpretation of the language of the charge and is not supported by the holding in Miles. In both Miles and this case, the claim of retaliation brought by the plaintiff was not "reasonably related" to her EEOC charge, and the employer and the EEOC would not have been put on notice of a retaliation claim based on the EEOC charge. Plaintiff does not cite any case law in support of the inference that the failure of a Human Resources department to respond to a complaint constitutes retaliation. The Court therefore holds that Plaintiff has failed to exhaust her remedies and that her claim of retaliation is procedurally barred.

**DEFENDANTS' MOTION TO STRIKE PURSUANT TO RULE 12(f)**

STANDARD OF REVIEW

Rule 12(f) of the Federal Rules of Civil Procedure allows the court to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous

matter." Fed. R. Civ. P. 12(f). "[M]otions under 12(f) are viewed with disfavor by the federal courts and are infrequently granted," and are only granted when the challenged allegations "have no possible relation or logical connection to the subject matter of the controversy" or "cause some form of significant prejudice to one or more of the parties to the action." 5C Charles A. Wright & Arthur R. Miller, Federal Practice & Procedure §§ 1380,1382 (West 2009); see also Waste Mgmt. Holdings, Inc. v. Gilmore, 252 F.3d 316, 347 (4th Cir. 2001) (upholding district court's decision to strike affirmative defense).

ANALYSIS

It appears from Plaintiff's Complaint that some of her allegations occurred more than 180 days prior to the date Plaintiff filed her charge. Defendants request that these untimely allegations be stricken pursuant to Rule 12(f), citing Guthrie v. Blue Ridge Sav. Bank Inc., 114 F. Supp. 2d 431 (W.D.N.C. 2000). Defendants state, "In Guthrie, this Court specifically ordered that 'all alleged acts of retaliation that did not occur with 180 days immediately preceding the filing of the . . . charge of discrimination be STRICKEN as untimely.'" (Defs.' Reply Mem., Doc. No. 13, at 5.) This quotation, however, does not appear in Judge Thornburg's Guthrie decision. Rather, it is a part of Magistrate Judge Cogburn's Memorandum and Recommendation (1:00-cv-92, Doc. No. 8, at 8), which WESTLAW appears to have included after Judge Thornburg's order but which forms no part of the Guthrie decision (1:00-cv-92, Doc. No. 12). In fact, Judge Thornburg's Guthrie decision makes no mention whatsoever of Rule 12(f), a fact that Plaintiff addressed in her memorandum but which Defendants seem to have ignored. (Pl.'s Resp. Mem., Doc. No. 12, at 10 ("Notably, the Defendants rely upon Guthrie . . . . Guthrie, however, makes no mention of a motion to strike.").) Finding no basis to strike the allegations, the Court

will deny the motion to strike.

## CONCLUSION

For the reasons stated, Defendants U.S. Airways' Motion to Dismiss pursuant to Rule 12(b)(1) is GRANTED IN PART with respect to Plaintiff's claim of retaliation and DENIED IN PART with respect to Plaintiff's claim of hostile work environment. Defendants' Motion to Strike is DENIED.

IT IS SO ORDERED.　　　　　　　　　Signed: June 15, 2009

Frank D. Whitney
United States District Judge